**Tyronne BATTLE, Plaintiff–Appellant,**

v.

**V. SANCHEZ, individually and in her official capacity; S. Bonaccorso, individually and in her official capacity; A. Thompson, individually and in their official capacity; Gomez, individually and in his official capacity, Defendants–Appellees.**

No. 05–16802.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed May 21, 2007.

Tyronne Battle, Vacaville, CA, pro se.

Victoria Dorfman, Esq., Jones Day, Washington, DC, for Plaintiff–Appellant.

William V. Cashdollar, Esq., Lee W. Shanton, Esq., AGCA–Office of the California Attorney General, Stanton W. Lee, Esq., Sacramento, CA, for Defendants–Appellees.

Before: KLEINFELD and THOMAS, Circuit Judges, and BURGESS *, District Judge.

MEMORANDUM **

The district court properly dismissed Battle's ADA and court access claims because he failed to raise them in his complaint.[1] Even if the chronology of events is sufficient to permit an inference of retaliation, the inference is rebutted by uncontradicted evidence that the people who took Battle's property were unaware of the conduct that Battle alleges prompted them to retaliate against him.[2] The district court properly granted summary judgment on Battle's property deprivation[3] and due process claims.[4]

**AFFIRMED.**

---

* The Honorable Timothy M. Burgess, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988).

2. *Nulph v. Cook,* 333 F.3d 1052, 1058 (9th Cir.2003).

3. See Cal.Code Regs. tit. 15, § 3190(b) (2007).

4. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Sorrels v. McKee,* 290 F.3d 965, 972 (9th Cir.2002).